GRAFTON, MAY TERM, 1823.

~~~

## DANIEL EATON *vs.* DAVID SLOAN.

When a plaintiff, who lives within the state, when the action is commenced, dies while the action is pending, the endorser of the writ is discharged.

THIS was scire facias against *Sloan,* as endorser of a writ in an action brought by *William Tarlton* against *Eaton,* and was submitted to the decision of the court upon the following facts.

On the 13th November, 1816, *Tarlton* sued out a writ against *Eaton,* which writ was endorsed by *Sloan,* duly served and entered at the court of common pleas, February term, 1817, in this county, from which court the action was brought by appeal to this court, previous to May term here, 1819. *Tarlton* died, and at that term *Polly Tarlton* his administratrix, was duly admitted to prosecute,and at May term here, 1820, *Eaton* recovered judgment against the said *Polly Tarlton,* administratrix as aforesaid, for his costs taxed at $100 72; sued out execution against the goods, chattels or

land of the said *William*, in the hands of the said *Polly*, delivered the same execution to an officer, who made return as follows :

"*Grafton, ss.* *November term*, 1820, *superior court.* I " have made diligent search for the property of the within " named defendant, and not being able to find any, I return " this execution in no part satisfied."

And it was agreed, that if the court should be of opinion upon the above facts, that the plaintiff was entitled to recover, then the defendant to be defaulted ; otherwise the plaintiff to become nonsuit.

*Noyes*, for the plaintiff.

*Bell*, for the defendant.

*By the court.* Where a plaintiff is an inhabitant of this state, the endorser of his writ undertakes to pay the costs for which the defendant may have judgment, in case the plaintiff neglects, avoids, or is unable to pay the costs, and such neglect, avoidance, or inability, appears by an officer's return upon an execution issued against the plaintiff.(1)

(1) 1 N. H. Laws 100.

As a plaintiff, who lives in the state, may in all cases endorse his own writ, it seems to us reasonable that before a third person who may have endorsed a writ in such a case is charged, the party who seeks to charge him, should shew a strict compliance with all the requisitions of the statute. One of these requisitions is, upon a fair construction of the statute, an execution against the plaintiff. But when the plaintiff dies pending the suit, no execution can issue against him, and we are of opinion that in such a case the endorser of the writ is discharged.

*Judgment for the defendant.*